In re **OLYMPIA BREWING COMPANY SECURITIES LITIGATION.**

No. 77 C 1206.

United States District Court, N.D. Illinois, E.D.

May 30, 1985.

Edward T. Joyce, Steven J. Rotunno, Joyce & Kubasiak, P.C., Chicago, Ill., for plaintiff.

Howard R. Koven, Steven L. Bashwiner, H. Nicholas Berberian, Howard D. Lieberman, Julie P. Shelton, Therese M. Obringer, Mark T. Carberry, Friedman & Koven, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Before the court is the motion in limine of plaintiff Louis P. Singer, of former civil action 81 C 3699. In his motion, Singer moves the court to exclude at trial all evidence of or reference to Singer's alleged negligence. The court has determined that no response by defendants is necessary. For the reasons stated below, the motion is granted in part.

Singer's Final Amended Complaint contains several counts alleging intentional and negligent wrongdoing by defendants Loeb Rhoades & Co., Inc. and Loeb Rhoades & Co. ("Loeb Rhoades") under the federal securities and racketeering laws. To the extent Singer claims violations of Section 10(b) of the Securities Ex-

change Act of 1934, 15 U.S.C. § 78j(b), it is clear that Singer's negligence or lack of due diligence in purchasing the securities leading to his injury is irrelevant to his ability to recover damages. The Seventh Circuit has clearly ruled that lack of due diligence is not a defense to a violation of § 10(b). *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033, 1048 (7th Cir.), *cert. denied*, 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 155 (1977); *Goodman v. Epstein*, 582 F.2d 388, 405 (7th Cir.1978), *cert. denied*, 440 U.S. 939, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Teamsters Local 282 Pension Fund v. Angelos*, 762 F.2d 522, 528–530 (7th Cir.1985). Hence, Singer's motion to exclude evidence of negligence with respect to these claims is granted. If a private claim exists under Section 17(a) of the Securities Act of 1933, 15 U.S.C. 77q(a) —according to the Seventh Circuit an open question, *see Teamsters Local 282*, at 530 —it would likely require *scienter*. *See Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance Co.*, 698 F.2d 320, 323–24 (7th Cir.1983). Under the analysis of *Sunstrand* and *Teamsters Local 282*, then, plaintiff's lack of due diligence would not defeat a claim under that statute either. Therefore, Loeb Rhoades cannot introduce evidence or propound questions referring to mere negligence on Singer's part in making the injurious purchases.

In rejecting the affirmative defense of plaintiff's lack of due diligence, *Sundstrand* noted that "[i]f contributory fault of plaintiff is to cancel out wanton or intentional fraud, it ought to be gross conduct somewhat comparable to that of defendant." 553 F.2d at 1048 (quoting from *Holdsworth v. Strong*, 545 F.2d 687, 693 (10th Cir.1976) (en banc)). Loeb Rhoades contends that Singer's purchasing activities fall into this exception. On the other hand, Singer argues that they at most constitute negligence, concluding that no reference to his negligence may be made.

Assuming that a plaintiff's gross failure of diligence may bar a recovery under § 10(b), a question which is not decided by *Sundstrand*, a decision on whether Sing-

er's actions constituted "gross conduct ... comparable to that of defendant" cannot be made at this point. The court is familiar with Loeb Rhoades' evidence of Singer's alleged gross conduct. While it seems unlikely that Loeb Rhoades will prevail in so characterizing Singer's conduct, the factual record is not sufficient at this point to justify a ruling on this question. Rather, before attempting questioning or introduction of evidence concerning Singer's alleged gross conduct, Loeb Rhoades should make an offer of proof on the conduct it seeks to establish. The court will at that point rule on the relevance of the questions or evidence.

Singer also alleges injuries resulting from Loeb Rhoades' violations of Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* (2). Section 12(2) allows an injured purchaser to sue a person who sells or offers a security by means of a prospectus or oral communication containing material untruths or omissions. Under specific statutory language, the seller has the burden of showing that he or she "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission...." Regarding the purchaser, the statute refers only to "the purchaser not knowing of such untruth or omission."

The parties agree, and the statutory language is clear, that § 12(2) creates a private claim for negligent, as well as intentional or reckless, untruths or omissions. The question before the court is whether Singer's alleged lack of due diligence in purchasing the subject securities may be a defense to a negligence claim under § 12(2). Cases and commentators almost unanimously conclude that any such lack of diligence by plaintiff is not a defense to a § 12(2) action.

The Seventh Circuit in *Sanders v. John Nuveen & Co., Inc.*, 619 F.2d 1222, 1229 (7th Cir.1980), *cert. denied*, 450 U.S. 1005, 101 S.Ct. 1719, 68 L.Ed.2d 210 (1981), explained:

> Section 12(2) does not establish a graduated scale of duty depending upon the

sophistication and access to information of the customer. [Citation omitted.] A plaintiff under § 12(2) is not required to prove due diligence. *See, e.g., Gilbert v. Nixon,* 429 F.2d 348, 356 (10th Cir.1970). All that is required is ignorance of the truth or omission.

*See Junker v. Crory,* 650 F.2d 1349, 1361 (5th Cir.1981) (citing *Sanders* for the proposition that a § 12(2) plaintiff "need not prove due diligence"); *Hill York Corporation v. American International Franchises, Inc.,* 448 F.2d 680, 696 (5th Cir.1971) ("The plaintiffs do not have to prove that they could not have discovered the falsity upon reasonable investigation."); *Alton Box Board Company v. Goldman, Sachs and Company,* 560 F.2d 916, 919 n. 3 (8th Cir.1977) (§ 12(2) plaintiff did not have "any duty to investigate beyond its own general knowledge at the time of the purchase"); *Aronson v. TPO Inc.,* 410 F.Supp. 1375, 1379 (S.D.N.Y.1976). *See also* 3 A. Bromberg & L. Lowenfels, *Securities Fraud & Commodities Fraud* ¶ 8.4(317) (1984); H. Bloomenthal, *Securities Law Handbook* 233 (1984) (plaintiff's lack of due diligence or contributory negligence not a defense to § 12(2) claim).

The conclusions of these cases and commentators may at first seem at odds with case law suggesting that a plaintiff's lack of due diligence or contributory negligence should be a defense to a negligence claim. For example, the *Sundstrand* Court notes that "[u]nder a negligence standard of liability, plaintiff could not justifiably claim reliance if he had not exercised due diligence." 553 F.2d at 1048. *See Teamsters Local 282,* 762 F.2d at 528–529 (quoting this passage from *Sundstrand* ). The *Holdsworth* decision, on which the *Sundstrand* Court relied in ruling that plaintiff's lack of diligence is not a defense in a § 10(b) action, discussed at length the distinction between intentional and negligent torts in determining the appropriateness of a defense based on plaintiff's lack of reasonable care or inquiry. 545 F.2d at 692–94.

■ The court is persuaded, however, that the *Sanders* ruling, as opposed to the dictum in *Sundstrand* and *Teamsters Local 282*, is correct. First, it should be noted that *Sundstrand* and *Teamsters Local 282* suggest that reliance in a negligence case is vitiated by lack of due diligence. However, plaintiff's reliance is not an element of a *prima facie* case under § 12(2). *Sanders*, 619 F.2d at 1225–26; *DeMarco v. Edens*, 390 F.2d 836, 841 (2d Cir.1968). Hence, cases discussing defenses to a § 12(2) actions are distinguishable from the discussion in *Sundstrand* and *Teamsters Local 282* regarding claims in which reliance is an element.

■ More importantly, the statutory language of § 12(2) clearly indicates that plaintiff must not have known of the untruth or omission, while putting the burden on defendant to show that it did not know or with reasonable care could not have known of the untruth or omission. This tends to establish that the drafters did not intend to require reasonable inquiry by the purchaser. This conclusion is strengthened by § 13 of the 1933 Act, 15 U.S.C. § 77m, which prescribes the limitations period applicable to § 12(2). There, plaintiff's claim must be brought within one year after the discovery of the untruth or omission, or after such discovery should have been made through the exercise of "reasonable diligence" by plaintiff. While due diligence is incorporated in the section prescribing the limitations period, it is absent in the section creating liability. *See* 3 A. Bromberg & L. Lowenfels, *supra*, at 204.14. To the extent that some cases suggest a duty of diligence by plaintiff exists under § 12(2), *see Gilbert v. Nixon*, 429 F.2d 348, 356 (10th Cir.1970) (holding that plaintiff's "excusable ignorance" an element of § 12(2) action directly succeeded by holding that plaintiff need not prove it "could not have discovered the falsity upon reasonable investigation"), the court declines to follow those cases.

The court therefore grants in part Singer's motion to exclude evidence and references to his alleged mere negligence. To the extent that any gross conduct by Singer may be a defense to one or more of his securities claims, evidence or questioning thereon may not be introduced before Loeb Rhoades succeeds in an offer of proof in persuading the court that the conduct is comparable to that of Loeb Rhoades.

It is so ordered.